UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANGELA M. FARRELL, | ) |
|                              **Plaintiff,** | ) |
| v. | )    Civil Action No. 2:10-CV-226 |
| CAROLYN W. COLVIN[1], ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | ) |
|                              **Defendant.** | ) |

OPINION AND ORDER

This matter is before the court on the Motion For Award of EAJA Fees [DE 37] filed by the plaintiff, Angela M. Farrell, on November 26, 2012. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Angela M. Farrell, applied for Disability Insurance Benefits on May 11, 2005, alleging disability since November 2, 2003. Her claim initially was denied, and was denied by the ALJ following a hearing. Farrell requested review by the Appeals Council. On February 23, 2007, the Appeals Council remanded the case, and a second hearing was held. The ALJ issued a denial of benefits on November 24, 2008. In his decision, the ALJ explained that Farrell did not meet the listing for fibromyalgia because none of the physicians whose opinions

---

[1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is automatically substituted for Michael J. Astrue as the named Defendant.

1

were presented to the ALJ at the hearing found that Farrell had at least eleven of the 18 traditional fibromyalgia tender spots. After the hearing before the ALJ, Farrell submitted supplemental evidence to the Appeals Council, which included Dr. Ryan Loyd's assessment. Dr. Loyd diagnosed Farrell with fibromyalgia after finding tenderness in sixteen pressure points on one occasion and eighteen on another. The Appeals Council denied Farrell's request for review, and Farrell appealed to this court.

Upon review, this court affirmed the decision of the Commissioner, explaining that it would not consider evidence that was not before the ALJ when determining whether the ALJ erred in reaching his decision to deny benefits. Farrell appealed, and the Seventh Circuit remanded this matter. In its Opinion, the Seventh Circuit explained that although this court was correct to disregard the evidence submitted for the first time to the Appeals Council when determining whether the ALJ made an error, the evidence should have been considered to determine whether the Appeals Council was correct to deny review. The Seventh Circuit went on to state that the Appeals Council's reason for rejecting review was not clearly stated but that the newly submitted evidence was both material and filled in the evidentiary gap identified by the ALJ.

Farrell now moves for attorney's fees, arguing that the Commissioner's position was not substantially justified. The Commissioner opposes Farrell's motion, and alternatively argues that the attorney fee should be reduced.

*Discussion*

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of

the United States was substantially justified or that special circumstances make an award unjust." **28 U.S.C. § 2412(d)(1)(A)***; see also* ***Commissioner, I.N.S. v. Jean,*** 496 U.S. 154, 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990*); **Golembiewski v. Barnhart***, 382 F.3d 721, 723-34 (7th Cir. 2004). A fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the application is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in[sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the United States was not substantially justified." **28 U.S.C. § 2412(d)(1)(B);** *see also* ***Scarborough v. Principi,*** 541 U.S. 401, 405, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004); ***United States v. Hallmark Constr. Co***., 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B))).

Considering whether the Commissioner was substantially justified, the court is to analyze the "position of the United States," which refers to the conduct of the Commissioner throughout the civil action, including pre-litigation conduct. **28 U.S.C. § 2412(d)(2)(D)**; *Golembiewski*, 382 F.3d at 724; ***Marcus v. Shalala***, 17 F.3d 1033, 1036 (7th Cir. 1994). The trial court must consider whether the Commissioner's pre- and post-litigation "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." ***Golembiewski***, 382 F.3d at 724 (citing *Hallmark Constr.*, 200 F.3d at 1080). A court should evaluate the factual and legal support for the Commissioner's position throughout

3

the entire proceeding. *See* **Hallmark Constr.**, 200 F.3d at 1080. A court need only make one determination regarding the Commissioner's conduct during the entire civil action. **Jean**, 496 U.S. at 159, 110 S.Ct. at 2319; **Jackson v. Chater**, 94 F.3d 274, 278 (7th Cir. 1996). "[F]ees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigation position may have been substantially justified and vice versa." **Marcus**, 17 F.3d at 1036. The court must undertake a global analysis of the government's position because whether that position was substantially justified will rarely be decided by a single issue. *See* **Hallmark Constr.**, 200 F.3d at 1080.

Although the EAJA does not define "substantial justification," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." **Pierce v. Underwood**, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see also* **Golembiewski**, 382 F.3d at 724. Expanding on this definition, the Seventh Circuit has explained, "'Substantially justified' does not mean 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute,' or if reasonable people could differ as to the appropriateness of the contested action." **Stein v. Sullivan**, 966 F.2d 317, 320 (7th Cir. 1992) (citing *Pierce*, 487 U.S. at 565, 108 S.Ct. at 2550); **Church v. Astrue**, 496 F.Supp.2d 964, 966 (N.D. Ind. 2007) ("[I]f an agency had 'a rational ground for thinking it had a rational ground for its action," the Commissioner's position is substantially justified.'" (citing *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994)). When conducting this analysis, the court should consider whether the ALJ's decision was supported by evidence of record and whether the Commissioner's position was supported by applicable law. **Church**, 496 F.Supp.2d at 966 (citing *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006); *Kolman v. Shalala*, 39 F.3d

4

173, 177 (7th Cir. 1994)). The substantial justification standard is different than the substantial evidence standard, which is used to evaluate the merits of a claimant's request for remand. *See Pierce*, 487 U.S. at 568-69, 108 S.Ct. at 2552. Thus, a loss on the merits does not automatically constitute a lack of substantial justification. *See Pierce*, 487 U.S. at 569, 108 S.Ct. at 2252. The Commissioner bears the burden of proof in showing that the government's litigation position was substantially justified. *See Pierce*, 487 U.S. at 565, 108 S.Ct. at 2561; *Golembiewski*, 382 F.3d at 724.

On appeal, the Seventh Circuit explained that the District Court was correct that it should not consider evidence that was not before the administration to determine whether the ALJ committed an error. However, that was not the same question as whether the Appeals Council properly rejected Farrell's appeal. The Commissioner was required to evaluate new and material evidence when determining whether a case qualified for review by the Appeals Council. *See* **20 § C.F.R. 404.970(b).** The Seventh Circuit noted that the Appeals Council's rejection of plenary review was "not as clear as it might be. On one hand it might indicate that the Appeals Council found the proffered new evidence to be immaterial, but on the other hand it might indicate that the Council accepted the evidence as material but found it insufficient to require a different result." *See Farrell v. Astrue*, 692 F.3d 767, 771 (7th Cir. 2012). The Seventh Circuit explained that it would consider the new evidence to determine if the Appeals Council was correct in its decision to reject review. Here, the materiality of the evidence submitted was "beyond question" and "filled in the evidentiary gap" identified by the ALJ. *Farrell*, 692 F.3d at 771. Therefore, the Appeals Council erred in failing to reconsider Farrell's application for benefits.

The Seventh Circuit indicated that the Appeals Council's opinion was "not as clear as it

might be", leading the court to believe that a reasonable person could differ on the reason why the Appeals Council rejected review. However, the Seventh Circuit went on to state that whether the Appeals Council rejected review because it found the additional evidence to be material or because it did not believe that the material evidence demanded a different result, its decision was a blatant error because the newly submitted evidence both was clearly material and filled in the evidentiary gap identified by the ALJ. Because the Commissioner must show that a reasonable person could differ on the validity of the agency's decision at each step, and here the Seventh Circuit suggested that the error was obvious, the court finds that the Commissioner's decision was not substantially justified.

The Commissioner alternatively argues that the plaintiff's fee request should be reduced. Farrell has the burden of proving that the EAJA fees she seeks are reasonable. *See* ***Hensley v. Eckerhart***, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); 28 U.S.C. § 2412(d)(1)(B). "Hours that are not properly billed to one's client are also not properly billed to one's adversary pursuant to statutory authority." ***Hensley***, 461 U.S. at 434, 103 S.Ct. at 1940-41 (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980)). As a result, the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *See* ***Hensley***, 461 U.S. at 437, 103 S.Ct. at 1939-40. The amount of a fee award is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." ***Hensley,*** 461 U.S. at 437, 103 S.Ct. at 1941.

The Commissioner argues that the plaintiff's attorney's fees should be reduced because counsel did not indicate which attorneys performed each tasks, did not provide the qualifications

6

of one attorney, and the time spent on each task was excessive. Specifically, an unnamed attorney spent 36.25 hours preparing three drafts of the opening brief, 15 of which were spent on the facts. An additional 45.75 hours were spent drafting the opening brief of the plaintiff's appeal and 26.74 hours on the reply. Counsel charged for three drafts of the opening brief and four drafts of the reply. Counsel also charged at the same rate for administrative tasks such as reformatting, assembling the appendix, filing the briefs, and solving page numbering problems.

The Commissioner argues that the 36.25 hours spent drafting the opening brief was excessive. However, other courts have found similar time expenditures appropriate. *See* ***Harris v. Barnhart***, 259 F.Supp.2d 775, 782 (E.D. Wis. 2003) (citing ***Henderson v. Barnhart***, 205 F.Supp.2d 999 (E.D. Wis. 2002) (approving fees based on 54.2 hours of work at the rate of $141.46/hour, for a total of $7667.13); ***Dominguese v. Barnhart***, 2002 WL 32318281, *6 (E.D. Wis. July 12, 2002)(noting that motions seeking payment for 66.95, 53.5, and 56.2 hours had recently been approved by other courts, and approving 56.3 hours in that case)). This is particularly true where the issues are numerous or complex. Here, Farrell's opening brief was in excess of the page limit set by the local rules and raised numerous issues. Farrell's counsel spent an additional 8.75 hours on the reply brief, bringing the total time expenditure to 45 hours, and within the range of the amounts other courts have approved. The time expenditure appears reasonable in light of the length and complexity of the case.

Similarly, the Commissioner criticizes the amount of time Farrell's counsel spent preparing the opening brief and reply on the appellate level. Farrell's counsel billed for a total of 80 hours for these tasks, but he did not explain why it was necessary to bill nearly double the amount of hours for her appeal than was necessary at the District Court level. At that point,

counsel should have been familiar with the case, reducing the time expenditure. The 80 hours requested far exceeds any hourly amount approved by the cases Farrell's counsel cited and included duplicate tasks, such as preparing three drafts of the opening brief and four of the reply. The fee request also incorporated time spent on administrative tasks such as reformatting, assembling the appendix, and solving the page number problems. However, it is unclear how much time the plaintiff's counsel spent performing these tasks. The court will reduce the attorney fee award by 15 hours at the rate of $180 an hour.

Based on the foregoing, the Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act is **GRANTED**. The Commissioner is **ORDERED** to pay $22,377.00 in attorney's fees. If counsel can verify that Farrell owes no pre-existing debt subject to offset, the Commissioner will direct that the award be made payable to Farrell's attorney if the parties have a signed EAJA assignment.

ENTERED this 10th day of February, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge